Ferry PRAJOGO, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–71878.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 18, 2004.

Robert G. Ryan, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Earle B. Wilson, Esq., Leslie McKay, Elisabeth Layton, DOJ— U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Ferry Prajogo, a native and citizen of Indonesia, petitions for review from the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000), and we deny the petition.

Substantial evidence supports the IJ's conclusion that Prajogo failed to establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. *See INS v. Elias–Zaca-*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*rias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The childhood incidents Prajogo described, as well as the discrimination and threats of physical violence he and his family experienced as ethnic Chinese Christians, did not amount to persecution because neither Prajogo nor his family suffered any physical harm as a result of these incidents. *See Nagoulko v. INS,* 333 F.3d 1012, 1016–17 (9th Cir.2003) (discrimination and harassment do not constitute persecution).

Substantial evidence also supports the IJ's conclusion that Prajogo does not have a well-founded fear of future persecution because Prajogo's own testimony as well as the documentary evidence in the record indicate that the Indonesian government has not abdicated its responsibility to protect its citizenry. *See Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997). Prajogo's future persecution claim is further undermined by the fact that his immediate family members continue to live in Indonesia without incident. *See Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001).

Because Prajogo failed to establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Lata,* 204 F.3d at 1244. Prajogo's CAT claim also fails because he has not established that it is more likely than not that he would be tortured if removed to Indonesia. *See Gui v. INS,* 280 F.3d 1217, 1230 (9th Cir.2002).

**PETITION FOR REVIEW DENIED.**